# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**SIRMENT DAVIS,**
       **Plaintiff,**

     v.                                                      Case No. 18-C-23

**LORI DOEHLING,**
**NURSE THOMPSON,**
**DR. DOE,**
**AND JOHN AND JANE DOE,**
       **Defendants.**

---

## SCREENING ORDER

The plaintiff, Sirment Davis, is a Wisconsin state prisoner representing himself. He filed a complaint alleging that the defendants violated his constitutional rights. This matter comes before the court on plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*) and to screen the complaint.

Plaintiff has been assessed and paid an initial partial filing fee of $38.41. *See* 28 U.S.C. § 1915(b)(1). I will grant his motion to proceed without prepayment of the filing fee and collect the rest of the filing fee as explained at the end of this order.

### Standard of Review for Screening Complaint

The court shall screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing *Twombly,* 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

<u>Complaint's Allegations</u>

Plaintiff is incarcerated at the Redgranite Correctional Institution (RGCI). He is suing: Lori Doehling, who is RGCI's Health Services Unit manager; Nurse Thompson; Dr. Doe, who works at St. Angels Hospital; and John and Jane Doe.

Plaintiff alleges that on June 30, 2017, he was transported from RGCI to St. Angels Hospital where had had surgery to place a metal rod in his middle toe. Within two-and-a-half weeks the metal rod began to extend out of the front of plaintiff's toe. He reported to RGCI's Health Services Unit staff that he was feeling "extremely sick" but

3

defendants Doehling and Thompson refused to provide any assistance in response to his complaints.

On July 30, 2017, plaintiff was finally transported to "Berlin hospital" for a culture. Plaintiff returned to RGCI and the next day he was informed that he had a very bad infection and his toe needed to be amputated. That same day, July 31, 2017, plaintiff was taken to "UW Hospital" where his toe was amputated.

Plaintiff alleges that he had repeatedly complained of pain in his toe and that defendants should have examined it prior to July 30, 2017. Defendants allegedly refused to examine his toe and did not believe that the metal rod was sticking out of his toe. The one time plaintiff was examined he was told that there was just dried blood on the tip of his toe. The examining doctor at St. Angels Hospital refused to take any action upon examining plaintiff's toe and observing the metal rod sticking out. Defendants failed to prevent plaintiff from contracting "Mersa or the infection" even when he informed them of his extreme pain.

Plaintiff seeks monetary damages.

Discussion

"The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose'" *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (quoting *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009)). "To state an Eighth Amendment claim based on deficient medical care, a plaintiff must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Id.* (citing *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)).

Plaintiff may proceed on an Eighth Amendment claim against Doehling, Nurse Thompson, and Dr. Doe based on allegations that they disregarded his complaints that the screw was sticking out of his toe and his complaints of pain.

Plaintiff will need to use discovery to identify the name of Dr. Doe. In addition, while plaintiff names Jane and John Doe as defendants, he does not include any allegations against Jane or John Doe. Thus, I will dismiss them as defendants.

## ORDER

For the reasons stated, **IT IS ORDERED** that that the plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Jane and John Doe are **DISMISSED**.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the named state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the named state defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the $311.59 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal

to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 27th day of February, 2018.

/s Lynn Adelman
LYNN ADELMAN
United States District Judge